UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COZZENS and I-75 OUTER
DRIVE ADULT BOOK STORE,

    Plaintiffs,

v.

Case No. 08-11778

Hon. John Corbett O'Meara

CITY OF LINCOLN PARK,
a municipal corporation,

    Defendant,

and

PAPALAS DRIVE DEVELOPMENT, LLC,
and HDV – LINCOLN PARK LLC,

    Intervenors.
_____/

# ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

On September 23, 2008, Plaintiffs filed a motion requesting reconsideration of this court's September 10, 2008 order granting Papalas Drive Development LLC and HDV – Lincoln Park LLC's motion to intervene. Pursuant to Local Rule 7.1(e)(2)(E.D. Mich. Sept. 8, 1998), no response was ordered and no oral argument was heard.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(g)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. Michigan Dep't of Treas. v. Michalec, 181 F. Supp.2d 731, 734 (E.D. Mich. 2002) (citations omitted). Because Plaintiffs' motion presents the same issues previously ruled upon by the court, it will be denied.

Plaintiffs also request that the court certify this interlocutory decision for appeal pursuant to 28 U.S.C. § 1292(b). The Sixth Circuit has emphasized that "[r]eview under § 1292(b) should be sparingly granted and then only in exceptional cases." Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993). "To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." Id.

The court is not persuaded that this is an exceptional case that is appropriate for review under § 1292(b). In particular, the court finds that an immediate appeal would not materially advance this litigation, but would prolong it.

The court is mindful of Plaintiffs' concern that the presence of the Intervenors will cause delay and additional discovery burdens on Plaintiffs. The court emphasizes, however, that it ruled that Intervenors "may intervene for the *limited purpose* of protecting their asserted right under the consent judgment as "first in time" under Lincoln Park Ordinance 1294.33(b)." Order dated September 10, 2008, at 5 (emphasis added). The court intends for Intervenors' participation in this case to be thus circumscribed.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' September 23, 2008 motion for reconsideration is DENIED.

s/John Corbett O'Meara  
United States District Judge

Date: October 3, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 3, 2008, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager