UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COZZENS and 1-75 OUTER
DRIVE ADULT BOOK STORE,

                Plaintiffs,

v

CITY OF LINCOLN PARK,
a Municipal corporation,

                Defendant,

and

PAPALAS DRIVE DEVELOPMENT, LLC, and
HDV-LINCOLN PARK, LLC,

             Defendant Intervenors.

Case No. 5:08-cv-11778-JCO-MJH
Honorable John Corbett O'Meara

**JOINT MOTION OF DEFENDANT
AND INTERVENORS FOR
SANCTIONS AGAINST PLAINTIFFS,
MARION BEDNARSKI, AND THEIR
RESPECTIVE ATTORNEYS, JOINTLY
AND SEVERALLY**

***Oral Argument Requested***

Co-Counsel for Plaintiffs:
BEN M. GONEK (P43716)
BEN M. GONEK, P.C.
615 Griswold Street, Suite 1300
Detroit, Michigan 48226
Telephone: (313) 963-3377

Counsel for Defendant:
DEAN KOULOURAS (P16176)
13407 Farmington Road, Suite 102
Livonia, Michigan 48150
Telephone: (734) 458-2200

Counsel for Intervenors Papalas Drive Development, LLC
and HDV-Lincoln Park, LLC:
DAVID W. WARREN (P32449)
PETER W. JOELSON (P51468)
JOELSON ROSENBERG, PLC
3066 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
Telephone: (248) 626-9966

Co-Counsel for Plaintiffs:
PAUL T. O'NEILL (P57293)
PAUL T. O'NEILL, PLC
615 Griswold Street, Suite 1300
Detroit, Michigan 48226
Telephone: (313) 963-3377

Co-Counsel for Defendant:
BRADLEY J. SHAFER (P36604)
SHAFER & ASSOCIATES, P.C.
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
Telephone: (517) 886-6560

Defendant, City of Lincoln Park, and Intervenors, Papalas Drive Development, LLC, and HDV-Lincoln Park, LLC, hereby move this Honorable Court pursuant to Fed.R.Civ.P. Rules 26(c)(3), 30(d)(2), 30(d)(3)(C), 37(a)(3)(A), 37(a)(5)(A), 37(b)(2)(C), 37(d)(3), 28 U.S.C. § 1927, and the inherent powers of this Court, to enter sanctions in their favor and against the Plaintiffs, Anthony Seagraves, Marion Bednarski, and their respective attorneys and law firms, for the following reasons:

1.      James Cozzens and a business that he purports to own, I-75 Outer Drive Adult Book Store, filed this action on April 28, 2008, asserting that they desired to establish an "adult bookstore" on property identified as 1005 John A. Papalas Drive, in Lincoln Park, Michigan.  Those Plaintiffs further asserted that the City of Lincoln Park had rejected their applications to establish such a business pursuant to the terms of the Lincoln Park Planning and Zoning Code which govern the placement of "adult" businesses, and contended in their lawsuit that those zoning provisions were unconstitutional on their face and as applied to the Plaintiffs.  Particularly relevant for purposes of this motion is the fact that Plaintiffs contended in their complaint that the enforcement of those zoning code provisions had caused, and will continue to cause, "immediate and irreparable harm" to the Plaintiffs' constitutional rights if those ordinance sections were not enjoined by this Honorable Court.  (R.1, Complaint, ¶'s 29-30).

2.      Irrespective of the Plaintiffs' contention that they were and are suffering "immediate and irreparable harm" every day that the alleged unconstitutional zoning provisions are not enjoined, Plaintiffs have never filed any requests for injunctive relief with this Honorable Court during the eight months that this case has been pending.  In fact, during that same eight month period, the Plaintiffs have undertaken absolutely no discovery in this case.  They have not served a single interrogatory; they have not submitted a single document request; and they have not scheduled even a single deposition.  Moreover, Plaintiffs have, in concert with attempted-intervenor Marion Bednarski, tried to thwart all discovery sought by the Defendant and the Intervenors by, among other things, failing to disclose critical documents in their Rule

1

26(a) disclosures; simply ignoring and failing to respond to written discovery propounded to the Plaintiffs; refusing to appear for deposition without appropriately filing a motion for protective order and obtaining the issuance of such an order; refusing to comply with and ignoring orders compelling discovery issued by the Magistrate; attempting to stop a critical third-party deposition from going forward by filing a frivolous and vexatious emergency motion for protective order; failing to comply with a validly issued subpoena; and in filing baseless, vexatious, frivolous, and untimely objections to discovery.

3.      The conduct referenced immediately above by the Plaintiffs, Mr. Bednarski, and their respective attorneys, was all calculated to preclude the Defendant and the Intervenors from uncovering evidence that this case has been a sham from the moment that it was filed; that it has not been brought by the true parties in interest as required by the Federal Rules of Civil Procedure; that the Plaintiffs have lied to both the City of Lincoln Park and this Court in regard to their true business intentions (which is to open a **stripclub**, and not the "adult bookstore" as claimed in their complaint and in numerous pleadings previously submitted in this action); that while Mr. Bednarski attempted to intervene as a non-governmental **defendant** in this action, he was and is actually an **undisclosed plaintiff** in this suit; that Mr. Bednarski improperly orchestrated the filing of a motion for leave to file an amicus brief by an individual by the name of Richard Sands; and that the Plaintiffs, Mr. Bednarski and their respective attorneys have done everything they could in this litigation to delay these proceedings and unnecessarily increase the costs, expenses, and attorney fees incurred by the Defendant and the Intervenors. The undersigned counsels have never seen such an egregious abuse of the federal judicial process as has occurred in this case over the past eight months. This Court should significantly sanction the Plaintiffs, Mr. Bednarski, and their respective attorneys and law firms, jointly and severally, for this improper and reprehensible conduct.

4.      This motion is supported by the pleadings, documents, and orders already on file in this case, as well as those that are being filed today contemporaneously herewith, including but not limited to

the Defendant's response to Bednarski's motion for protective order and/or order to quash subpoena, Defendant's motion to compel discovery over the objections of Marion Bednarski, and Defendant's reply in support of its motion to compel discovery and for sanctions. This motion is further supported by the accompanying brief in support, and the documents attached thereto.

5.      Pursuant to LR 7.1(a), on December 24, 2008, Bradley J. Shafer, co-counsel for Defendant, sent a letter via facsimile and electronic mail to counsels for the Plaintiffs and for Marion Bednarski explaining the nature of this motion and its legal basis, wherein he requested, but did not ultimately obtain, concurrence in the relief sought.

6.      Because of the serious nature of the matters as set forth herein, Defendant and Intervenors respectfully request that oral argument be granted in this motion, and that oral argument be set for January 22, 2009; a date that this Court has already scheduled for hearing Defendant's motion for summary judgment and Plaintiffs' motion regarding the discovery plan. Defendant and Intervenors make this request pursuant to LR 7.1(e)(2).

7.      As sanctions for the egregious conduct discussed above and in the accompanying brief and supporting materials, the Defendant and the Intervenors request that this Honorable Court enter an order requiring the Plaintiffs, Marion Bednarski and their respective attorneys and law firms, jointly and severally, to repay to the Defendant, the Intervenors, and all of their respective attorneys, all attorney fees and costs incurred in this litigation from the initial commencement of this suit until the amount of the sanctions is determined and ordered by this Court. Defendant and the Intervenors respectfully request that this Honorable Court, in ordering sanctions, require the Defendant and Intervenors to submit to the Plaintiffs, to Marion Bednarski, and to their respective attorneys, an itemization of the attorney fees and costs incurred in this litigation for which they seek reimbursement, provide the Plaintiffs, Mr. Bednarski and their attorneys an opportunity to consent to that amount or to object, and if an objection is made, provide

3

that any disputes should be submitted to this Court or to the Magistrate for resolution.

Wherefore, for the foregoing reasons and for those that are set forth in the accompanying brief, Defendant and Intervenors respectfully request this Honorable Court enter an order sanctioning the Plaintiffs, Marion Bednarski, and their respective attorneys and law firms, jointly and severally, which:

A.    Awards to the Defendant, the Intervenors, and all their respective attorneys, full reimbursement for all attorney fees and costs incurred in this action; and

B.    Establishes a mechanism for the determination of the amount of such sanctions.

Dated:  December 29, 2008                                    Respectfully submitted,

/s/ Dean Koulouras, Esq.                                     /s/ Bradley J. Shafer, Esq.
**DEAN KOULOURAS (P16176)**                                  **BRADLEY J. SHAFER (P36604)**
Co-Counsel for Defendant                                     **SHAFER & ASSOCIATES, P.C.**
13407 Farmington Road, Suite 102                             Co-Counsel for Defendant
Livonia, Michigan  48150                                     3800 Capital City Boulevard, Suite 2
Telephone:  (734) 458-2200                                   Lansing, Michigan  48906
                                                             Telephone:  (517) 886-6560


/s/ David W. Warren, Esq.
**DAVID W. WARREN (P32449)**
**PETER W. JOELSON (P51468)**
**JOELSON ROSENBERG, PLC**
Counsel for Intervenors
30665 Northwestern Highway, Suite 200
Farmington Hills, Michigan  48334
Telephone:  (248) 626-9966

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES COZZENS and 1-75 OUTER
DRIVE ADULT BOOK STORE,

                Plaintiffs,

v

CITY OF LINCOLN PARK,
a Municipal corporation,

                Defendant,

and

PAPALAS DRIVE DEVELOPMENT, LLC, and
HDV-LINCOLN PARK, LLC,

                Defendant Intervenors.

Case No. 5:08-cv-11778-JCO-MJH
Honorable John Corbett O'Meara

BRIEF IN SUPPORT OF JOINT
MOTION OF DEFENDANT AND
INTERVENORS FOR SANCTIONS
AGAINST PLAINTIFFS, MARION
BEDNARSKI, AND THEIR RESPECTIVE
ATTORNEYS, JOINTLY AND
SEVERALLY

---

Co-Counsel for Plaintiffs:
BEN M. GONEK (P43716)
BEN M. GONEK, P.C.
615 Griswold Street, Suite 1300
Detroit, Michigan 48226
Telephone: (313) 963-3377

Counsel for Defendant:
DEAN KOULOURAS (P16176)
13407 Farmington Road, Suite 102
Livonia, Michigan 48150
Telephone: (734) 458-2200

Counsel for Intervenors Papalas Drive Development, LLC
and HDV-Lincoln Park, LLC:
DAVID W. WARREN (P32449)
PETER W. JOELSON (P51468)
JOELSON ROSENBERG, PLC
3066 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
Telephone: (248) 626-9966

Co-Counsel for Plaintiffs:
PAUL T. O'NEILL (P57293)
PAUL T. O'NEILL, PLC
615 Griswold Street, Suite 1300
Detroit, Michigan 48226
Telephone: (313) 963-3377

Co-Counsel for Defendant:
BRADLEY J. SHAFER (P36604)
SHAFER & ASSOCIATES, P.C.
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
Telephone: (517) 886-6560

## TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................ii, iii

STATEMENT OF THE ISSUE PRESENTED.............................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY..............................................v

INTRODUCTION..........................................................................................1

STATEMENT OF FACTS.................................................................................1

ARGUMENT..............................................................................................9

    I.     The Court May Impose Sanctions Pursuant To Its Inherent Authority.........................9

    II.    Sanctions Are Warranted Under 28 U.S.C. § 1927....................................................10

    III.   The Federal Rules of Civil Procedure Justify The Imposition Of Sanctions..................11

    IV.   Amount Of Sanctions And Determination Thereof......................................................13

CONCLUSION...........................................................................................15

## INDEX OF AUTHORITIES

### *Cases:*

Chambers v. NASCO, Inc., 501 U.S. 32 (1991)...................................................................v, 9, 10

Dixon v. Clem, 492 F.3d 665 (6th Cir. 2007)..................................................................................10

Fharmacy Records v. Nassar, 572 F.Supp.2d 869 (E.D. Mi. 2008)..................................................v, 11

In Re Champion Enterprises, Inc., Securities Litigation, 144 F.Supp.2d 848 (E.D. Mi. 2001).................9

In Re Petition of Gerald A. Meier, 223 F.R.D. 514 (W.D. Wis. 2004)...................................................10

In Re Ruben, 825 F.2d 977 (6th Cir. 1987).....................................................................................10

Jones v. Cont'l Corp., 789 F.2d 1225 (6th Cir. 1986).......................................................................10

Link v. Wabash R.R. Co., 370 U.S. 626 (1962).................................................................................9

Mansbach v. Prescott, Ball & Turben, 598 F.2d 1017 (6th Cir. 1979).................................................9

Red Carpet Studios Div of Source Advantage, Ltd. v. Sater, 465 F.3d 642 (6th Cir. 2006)............v, 10, 11

Riddle v. Egensperger, 266 F.3d 542 (6th Cir. 2001).......................................................................10

Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)........................................................................9

Smith v. Wade, 461 U.S. 30 (1983)................................................................................................9

Stalley v. Methodist Healthcare, 517 F.3d 911 (6th Cir. 2008)........................................................v, 9

U.S. v. Wheeler, 157 F.Supp.2d 830 (E.D. Mi. 2001)......................................................................v, 9

United States v. Wallace, 964 F.2d 1214 (D.C. Cir. 1992)..................................................................9

### *Rules:*

FRCP Rule 1...........................................................................................................................10

FRCP Rule 26......................................................................................................v, 2, 4, 7, 8, 11, 12

FRCP Rule 30...................................................................................................................11, 12

FRCP Rule 37…………………………………………………………………………………11, 12, 13

### *Statutes:*

28 U.S.C. § 1927…………………………………………………………………………iv, v, 9, 10, 11

42 U.S.C. § 1988…………………………………………………………………………………………13

## STATEMENT OF THE ISSUE PRESENTED

Because of the egregious conduct of the Plaintiffs, of attempted-intervenor Marion Bednarski, and of their respective attorneys, should the Court enter an award of sanctions against them, jointly and severally, pursuant to the Federal Rules of Civil Procedure, pursuant to 28 U.S.C. § 1927, and pursuant to the inherent powers of this Court?

Defendant's Answer: YES

Intervenors' Answer: YES

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

For whether an award of sanctions against Plaintiffs, against attempted-intervenor Marion Bednarski, and against their respective attorneys is appropriate pursuant to the Court's inherent authority to impose sanctions: **U.S. v. Wheeler**, 157 F.Supp.2d 830, 832 (E.D. Mich. 2001); **Stalley v. Methodist Healthcare**, 517 F.3d 911, 920 (6th Cir. 2008); and **Chambers v. NASCO, Inc.**, 501 U.S. 32, 43 (1991).

For whether an award of sanctions personally against attorneys for Plaintiffs and attorneys for attempted-intervenor Marion Bednarski is appropriate pursuant to 28 U.S.C. § 1927: **Fharmacy Records v. Nassar**, 572 F.Supp.2d 869, 879 (E.D. Mich. 2008); **Red Carpet Studios Div. Of Source Advantage, Ltd. v. Sater**, 465 F.3d 642, 646 (6th Cir. 2006); and **Chambers v. NASCO, Inc.**, 501 U.S. 32, 43 (1991).

For whether an award of sanctions is authorized by the Federal Rules of Civil Procedure: Rule 26(c)(3), 30(d)(2), 30(d)(C), 37(a)(3)(A), 37(a)(5)(A), 37(b)(2)(C), and 37(d)(3).

## INTRODUCTION

In their affirmative defenses, both Defendant City of Lincoln Park ("Lincoln Park" or the "City") and Intervenors Papalas Drive Development, LLC ("Papalas"), and HDV-Lincoln Park, LLC ("HDV"), asserted that this case was not being brought in good faith, and they specifically invoked the "unclean hands" doctrine as a bar to the equitable relief that the Plaintiffs sought. The past eight months have aptly demonstrated these points, and it is now clear that this case has been brought for an ulterior purpose; that the true individuals who are "pulling the strings" for the Plaintiffs are not even *named* in this action; and that the proceedings to date have been nothing more than a monumental waste of time and expense.

As the evidence has now developed, Plaintiff James Cozzens ("Cozzens") is the veritable "strawman" for two other individuals; Anthony Seagraves ("Seagraves") and Marion Bednarski ("Bednarski"). This Court will recall that Mr. Bednarski attempted to intervene as a ***non-governmental defendant***, even though it is now abundantly clear that he is really an undisclosed ***plaintiff***. The actions undertaken by the Plaintiffs, Mr. Bednarski, and their respective attorneys, ***in concert***, have needlessly increased the duration, expense, and complexity of this case, and their conduct has been both vexatious and reprehensible. Under the authorities cited in the accompanying motion and below, this Court should severely sanction them all.

## STATEMENT OF FACTS

This Court has been inundated recently with a variety of pleadings which substantiate the underlying ***factual*** predicates for this motion. In the interest of judicial economy, Defendant and Intervenors will not (with a few exceptions) reiterate those facts here. Rather, Defendant and Intervenors will rely upon the factual assertions, and documentary evidence, contained in the pleadings and materials already on file with this Honorable Court, and in particular the following:

- Plaintiffs' Complaint (R.1);

1

- All pleadings relating to the Intervenors' motion to intervene (R.'s 4, 10, 13, 27 and 32);

- All pleadings relating to Mr. Bednarski's aborted motion to intervene (R.'s 8, 11-12, 14, 16, 17, and 20-22);

- The "Community Action Network's" (*i.e.*, Richard Sands') motion for leave to file amicus brief (R.25);

- Plaintiffs' emergency motion for protective order regarding the deposition of Stanley Sikorski (R.39);

- Defendant's and Intervenors' joint response thereto (R.43);

- Plaintiffs' motion re: rule 26(f) discovery plan (R.45);

- Lincoln Park's response thereto (R.46);

- Intervenors' response thereto (R.47);

- Lincoln Park's motion for summary judgment (R.48);

- Plaintiffs' response thereto (R. 59);

- Defendant's reply in support of its motion for summary judgment (R.66);

- Defendant's motion to compel discovery of Plaintiffs and for sanctions (R.57);

- Plaintiffs' response thereto (R. 68);

- Defendant's reply thereto, filed contemporaneously herewith;

- Defendant's emergency motion to compel depositions of Plaintiffs and Anthony Seagraves (R. 60);

- Bednarski's motion for protective order and/or to quash his deposition subpoena (R.63);

- Defendant's response thereto filed contemporaneously;

- Defendant's motion to compel discovery over the objections of Marion Bednarski, also filed contemporaneously herewith.

2

Defendant and Intervenors also rely on all prior orders of this Court and of Magistrate Judge Hluchanuiak, including "text only" orders.

What these materials and the documentary evidence accompanying them establishes is:

- that the underlying basis of this suit – to establish an "adult bookstore" on the premises in question – is a sham, and that the real intent is to establish a *stripclub* thereon;

- that this suit has been filed for a vexatious and ulterior purpose, not only in an effort to establish a stripclub on the subject property but also to drastically and negatively impact and affect, through deceit, deception and fraudulent assertions, the business of Intervenor HDV, which is to be established *directly across the street* from the Plaintiffs' proposed use;

- that Plaintiff Cozzens is, indeed, a mere "strawman" to this litigation and that the true parties in interest are really Mr. Bednarski and Anthony Seagraves, neither of whom are currently named as Plaintiffs in this action;

- that Bednarski and his attorneys have intentionally, significantly and materially deceived this Court by attempting to intervene in this litigation as a non-governmental defendant (in an effort to interfere with the intervention of Papalas and HDV) when he is in fact an undisclosed plaintiff to this lawsuit;

- that the Plaintiffs and Bednarski have mislead the City of Lincoln Park in regard to the true identities of the owners of the proposed adult business and the true intended use of the subject premises;

- that Bednarski has improperly orchestrated the filing by an individual named Richard Sands (purportedly on behalf of "Community Action Network") of a motion for leave to be

3

able to submit an amicus brief in support of the Plaintiffs' adult business project and in opposition to the anticipated business of Intervenor HDV;

- that the Plaintiffs, their attorneys, Bednarski and his attorneys have deceived and mislead this Court in numerous regards;

- that Plaintiffs and their attorneys have failed to make appropriate disclosures under Fed.R.Civ.P. Rule 26(a)(1);

- that the Plaintiffs, their attorneys, Bednarski and his attorneys have done everything in their power, including the invocation of baseless objections and the filing of spurious motions for protective orders, to thwart relevant discovery in this case, and in particular to preclude discovery that would disclose their reprehensible conduct in this action;

- that the Plaintiffs and their attorneys have flagrantly ignored legitimate discovery demands and have failed to follow the Federal Rules of Civil Procedure with regard to their attempts to preclude relevant discovery;

- that Bednarski and his attorneys have flagrantly ignored a Federal Court subpoena that required Bednarski to appear for deposition and produce certain documents;

- that Bednarski and his attorneys have invoked baseless and frivolous objections to discovery, and in making such objections have flagrantly failed to comply with the Federal Rules of Civil Procedure;

- that the Plaintiffs, Bednarski and their respective attorneys have coordinated their misdeeds and improper conduct in a way to attempt to preclude relevant discovery from being undertaken;

- that the Plaintiffs and their attorneys have refused to comply with, and have *ignored,* two

4

discovery orders of Magistrate Hluchanuiak;

- that the actions of the Plaintiffs, Bednarski and their respective attorneys, in combination, have resulted in Magistrate Hluchanuiak having to have convened to date *three* separate telephonic conferences on emergency matters relating to attempts by the Plaintiffs, Bednarski and their attorneys to thwart discovery in this matter;

- that Plaintiffs and their attorneys have improperly refused to attend depositions and/or appear for deposition, requiring the Defendant and the Intervenors to file costly emergency motions to compel discovery;

- that Plaintiffs, Bednarski and their attorneys, in combination, have abused the professional courtesy of the attorneys for the Defendant and the Intervenors, who have granted adjournments of depositions based upon claims of the "unavailability" of the Plaintiffs, *even after the issuance of an order by Magistrate Hluchanuiak compelling such depositions to go forward*, so that baseless and frivolous objections could then be interposed before the depositions could be rescheduled, all in an effort to preclude any meaningful discovery from being undertaken by the Defendant and Intervenors in this case; and

- that the Plaintiffs, Bednarski, and their respective attorneys have done everything in their power to preclude this case from expeditiously moving forward. Indeed, they have done all they could to needlessly confuse, elongate, and increase the expenses of this litigation.

At stated above, in the interest of judicial economy Defendant and the Intervenors will not reiterate in detail the factual statements contained in, and the evidence accompanying, the pleadings referenced previously which demonstrate these claims of the Defendant and the Intervenors, with one exception. After

the Plaintiffs, Bednarski and their attorneys conspired during the week of December 15, 2008, to thwart the depositions of Cozzens, Seagraves and Bednarski from going forward – which had *all* been appropriately and timely scheduled for Wednesday December 17, 2008, and Thursday December 18, 2008 (with Bednarski being hand served with a subpoena) – *two* separate emergency telephone conferences with Magistrate Hluchanuiak occurred. In the first hearing, on December 16, 2008, he ordered the depositions of Seagraves and Cozzens to go forward as scheduled and that all of the documents requested to be produced. Immediately after the Magistrate's Text Only Order of December 16, 2008, Plaintiffs and their attorneys asked Defendant and Intervenors to adjourn the depositions of Cozzens and Seagraves until Friday, December 19, 2008 (*i.e.*, until *after* Bednarski's scheduled deposition set for Thursday the 18th), purportedly because of the "unavailability" of Cozzens and Seagraves. Counsels for Lincoln Park and Intervenors relented and agreed to reschedule those depositions, but only on the condition that Plaintiffs and Seagraves produce the documents requested and that they further agreed that they would NOT appeal or object to the Magistrate's Order of December 16, 2008. Plaintiffs' counsels agreed and the depositions of Cozzens and Seagraves were so adjourned.

On December 17, 2008 (the date originally set for the depositions of Cozzens and Seagraves), Bednarski's counsel filed their motion for protective order and stated that Bednarski would not appear for his scheduled deposition. Following the transmission of an email from defense counsel stating that under applicable precedent Bednarski's deposition would still take place, one of his attorneys (Lynn Geist) then telephonically informed defense counsel that neither Bednarski nor his counsels would be appearing the following day for the scheduled deposition. Later that day, Bednarski's attorneys then filed objections to the subpoena and deposition notice that had been served upon him on December 8th. On December 18, 2008, Bednarski filed similar, but equally spurious, objections to the depositions of Seagraves and Cozzens. Almost immediately thereafter, counsel for Plaintiffs and Seagraves indicated that while they would produce

6

the Plaintiffs and Seagraves for deposition the next day (Friday the 19th), they would not produce the documents requested. This then resulted in the second emergency telephone conference of the week with the Magistrate (held on December 18th), where he "clarified" that he had originally ruled that **all** of the requested documents were to be produced.

On December 19, 2008, the Plaintiffs did begin to remit to Defendant and the Intervenors some, but certainly not all, documents that would be responsive to the requests for production which accompanied the deposition notices of Cozzens and Seagraves. While it is clear that most of the relevant materials have still not been produced to date, the Plaintiffs did disclose three eye-opening documents.

First, is an Agreement dated March 31, 2008, between Bednarski and Seagraves, where Seagraves purports to loan Bednarski significant sums of money. Ex. A. It should be noted by this Court that the date of this Agreement is almost **a full month before** the "Plaintiffs" filed suit in this matter. Second, is an Agreement purportedly dated August 28, 2008, also between Bednarski and Seagraves, which not only references these previous loans but refers to a "partnership agreement" between the two of them (which has **not** been produced, even after correspondence of Intervenors' counsel requesting the same). This document also discloses the fact that not only was Seagraves involved in the state court proceeding between Bednarski and Papalas, but that he (Seagraves) was actually entitled to a **share of the proceeds** of any settlement that Bednarski reached with Papalas in that action. Ex. B.

What this Court should also note is that **both** of these documents **pre-date** Plaintiffs' Rule 26(a)(1) disclosures. The Court will see that at no place on that document (Ex. C) did the Plaintiffs ever identify these documents, even though the Rule 26(a)(1) disclosures were made **after** the deposition of property owner Stanley Sikorski wherein Mr. Seagraves' identity was disclosed and whereat Plaintiffs' counsels, **on the record**, stated their intention to amend the complaint to add Mr. Seagraves as a party-plaintiff! The failure to disclose these documents, and in particular the "partnership agreement" referenced therein (which

7

has *still* not yet been produced), is a flagrant violation of the Plaintiffs' duty to disclose pursuant to Fed.R.Civ.P. Rule 26(a)(1).

Also disclosed on December 19, 2008, was a purported Assignment of Lease and Lease Renewal. Ex. D. That document references a "lease with option to purchase dated November 1, 2008," which purportedly applies to the subject property, although neither the Defendant nor the Intervenors have been provided with such a lease (all signed leases produced during Mr. Sikorski's deposition were dated November 1, 200*7*). This Court should also note that the signatures to this document, which purport to have Mr. Cozzens as the assignor and Mr. Seagraves as the assignee of the lease, are dated December 11, 2008. That is the *same date* that the Plaintiffs filed, at 11:59 p.m. (one minute before their deadline), their response to Lincoln Park's motion for summary judgment, wherein their attorneys asserted, under Rule 11, that the lease had been "extended," but did not provide any affidavits substantiating this claim. In that regard, it is interesting to note on Ex. D that the purported Assignment of Lease and Lease Renewal is *not* signed by the landlord (Stanley Sikorski).

In addition, even assuming that there is still (or is now) a valid lease to the subject property, Ex. D purports to assign that lease from Plaintiff Cozzens to Mr. Seagraves. Mr. Seagraves is not, however, currently a Plaintiff in this action, and if there has, in fact, been an assignment of the lease, Plaintiffs no longer have a possessory interest in the subject property in order to establish standing to bring forth their claims. This standing issue was discussed, in detail, in the Defendant's motion for summary judgment.

Exhibits A, B and D are the only documents produced to date by Plaintiffs, despite the Magistrate's orders and despite the Plaintiffs' promise to produce everything in their possession. These most-revealing documents are yet the latest examples of the despicable gamesmanship in which the Plaintiffs, Mr. Bednarski and their respective attorneys have engaged in these proceedings. This egregious conduct should be stopped immediately by this Court and the Plaintiffs, Mr. Bednarski and their respective attorneys

8

should be sanctioned for these shameful acts.

ARGUMENT

Defendant and Intervenors bring forth this motion for sanctions pursuant to Fed.R.Civ.P. Rules 26(c)(3), 30(d)(2), 30(d)(3)(C), 37(a)(3)(A), 37(a)(5)(A), 37(b)(2)(C), 37(d)(3), 28 U.S.C. § 1927, and the inherent powers of this Court.

I.    THE COURT MAY IMPOSE SANCTIONS PURSUANT TO ITS INHERENT AUTHORITY.

The Court may impose sanctions against Plaintiffs, Bednarski and/or their respective attorneys, pursuant to its inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." **Chambers v. NASCO, Inc.,** 501 U.S. 32, 43 (1991) (*quoting* **Link v. Wabash R.R. Co.,** 370 U.S. 626, 630-631 (1962)) (clarification added).

> It is well settled that courts have inherent authority to impose sanctions on an attorney ***for reckless *or* bad faith*** conduct during the course of litigation. *See* **Chambers**[ ], 501 U.S. [at] 43-50 [ ]; **Roadway Express, Inc. v. Piper**, 447 U.S. 752, 766-67 [ ] (1980); **United States v. Wallace**, 964 F.2d 1214, 1217-18 (D.C.Cir.1992). "Recklessness is defined as more than mere negligence but less than intent." **In re Champion Enterprises, Inc. ., Securities Litigation**, 144 F.Supp.2d 848, 858 (E.D.Mich.2001) (citing **Mansbach v. Prescott, Ball & Turben**, 598 F.2d 1017, 1024 n. 36 (6th Cir.1979)); *see* Black's Law Dictionary (7th ed.1999) (defining "recklessness" as involving "a greater degree of fault than negligence but a lesser degree of fault than intentional wrongdoing"); *see also* **Smith v. Wade**, 461 U.S. 30, 45 [ ] (1983) (describing recklessness as short of actual malicious intent). The Sixth Circuit has defined "recklessness" as "highly unreasonable conduct which is an extreme departure from the standards of ordinary care." *Ohio Drill & Tool Co. v. Johnson*, 625 F.2d 738, 741 (6th Cir.1980); *see* Black's Law Dictionary (7th ed.1999) (defining "recklessness" as "[c]onduct whereby the actor does not desire harmful consequence but nonetheless foresees the possibility and consciously takes the risk").

**U.S. v. Wheeler**, 157 F.Supp.2d 830, 832 (E.D. Mich. 2001) (emphasis added; parallel citations omitted). *See also* **Stalley v. Methodist Healthcare**, 517 F.3d 911, 920 (6th Cir. 2008) (The court has the inherent authority to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (internal quotations omitted); and **Chambers**, 501 U.S. at 51 (using tactics of delay, oppression, harassment and massive expense to exhaust the opposing party is conduct the court may sanction under

9

its inherent authority).  Consequently, this Court has the inherent power to sanction *both* litigants and attorneys, and should do so here.  The conduct at issue certainly satisfies these standards.

The gamesmanship and reprehensible conduct discussed above and as is referenced in the cited materials also interferes with, and imposes upon, the requirements of Fed.R.Civ.P. Rule 1, which provides that the federal rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Certainly, the bad faith conduct of the Plaintiffs, Bednarski, and their respective attorneys makes a mockery out of this rule and requires that they be sanctioned in order to deter similar conduct in the future.

## II.    SANCTIONS ARE WARRANTED UNDER 28 U.S.C. § 1927.

28 U.S.C. § 1927 (2008) provides for the imposition of sanctions against counsel who "multiples the proceedings in any case unreasonably and vexatiously . . . ."  Sanctions may include the "excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."  **Id**.  Generally, a finding of recklessness plus knowledge is sufficient to justify the imposition of sanctions under Section 1927:

> Under [Section 1927] provision, a court may impose sanctions "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." **Jones v. Cont'l Corp.**, 789 F.2d 1225, 1230 (6th Cir. 1986). A finding of bad faith is not necessary under section 1927.[1] **Dixon v. Clem**, 492 F.3d 665, 679 (6th Cir. 2007). However, "[s]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under § 1927." **Riddle**, 266 F.3d at 553. Rather, " '[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.' " **Ibid**. (quoting **In re Ruben**, 825 F.2d 977, 984 (6th Cir. 1987)). The primary goal of 28 U.S.C. § 1927 is deterrence and punishment. *See* **Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater**, 465 F.3d 642, 647 (6th Cir. 2006). As with Rule 11 sanctions, the "district courts have broad discretion in deciding upon a sanction award under § 1927." **In Re Petition of Gerald A. Meier**, 223 F.R.D. 514, 520 (W.D. Wis. 2004).

---

[1]  Certainly, however, bad faith has been established here.

10

**Fharmacy Records v. Nassar**, 572 F.Supp.2d 869, 879 (E.D. Mi. 2008) (clarification added). *See also* **Red Carpet Studios Div. Of Source Advantage, Ltd. v. Sater**, 465 F.3d 642, 646 (6th Cir. 2006) (section 1927 sanctions are appropriate where an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply the proceedings") (citation omitted).

Again, there can be no question but that the actions of the attorneys involved here have unreasonably and vexatiously "multiplie[d] the proceedings . . . ." In fact, the attorneys for the Plaintiffs and Bednarski have done everything they can to prevent this case from moving forward and to thwart the discovery that the Defendant and the Intervenors have been attempting to obtain in order to establish that this case is meritless, that it should be dismissed, and that it is, in fact, frivolous and was filed in bad faith and for an ulterior purpose. For this additional reason, sanctions should be assessed against the attorneys for the Plaintiffs and for Mr. Bednarski: Ben Gonek, Paul O'Neill, Cindy Rhodes Victor, and Lynn Geist.

## III.    THE FEDERAL RULES OF CIVIL PROCEDURE JUSTIFY THE IMPOSITION OF SANCTIONS.

Each and every one of the actions of the Plaintiffs and Bednarski (and their respective attorneys) to thwart the discovery process in this case is sanctionable under the federal rules. Fed.R.Civ.P. Rule 26(c)(3) imposes, through Rule 37(a)(5), the awarding of expenses in regard to motions for protective orders. This sanction provision, therefore, applies to the Plaintiffs' "emergency" motion for protective order to preclude the deposition of Stanley Sikorski, as well as Bednarski's recent motion for protective order to preclude his own deposition.

Rule 30(d)(2) permits the Court to impose appropriate sanctions, including the reasonable expenses and attorneys' fees incurred by any party, "on any person that impedes, delays or frustrates the fair examination of the deponent." This rule applies to the Plaintiffs' attempt to preclude the deposition of Mr. Sikorski, and Bednarski's attempt to preclude the document productions in the depositions (and, therefore, the depositions themselves) of Plaintiff Cozzens and Seagraves. This rule also applies to the

11

conduct of Cozzens and Bednarski themselves in attempting to frustrate (through the acts of their attorneys) their *own* depositions from occurring. In addition, Rule 30(b)(3)(A) also permits an award of expenses through Rule 37(a)(5) in regard to motions to terminate or limit depositions. This rule also applies to the conduct of Cozzens and Bednarski referenced above.

As stated previously, Rule 37(a)(3)(A) permits this Court to award sanctions for failing to make a disclosure required by Rule 26(a). Clearly, Plaintiffs' Rule 26(a) disclosures (Ex. C) are wholly insufficient, as *nothing* was disclosed concerning the relationship between Cozzens, Seagraves and Bednarski with regard to this proposed adult business project. In addition, an "evasive or incomplete" disclosure, answer or response must be treated as a failure to disclose, answer or respond. Fed.R.Civ.P. Rule 37(a)(4). Again, Plaintiffs have clearly violated this rule as well.

Rule 37(a)(5)(A) and (B) provide for the payment of expenses if a protective order is granted or denied. Clearly, Plaintiffs *lost* their motion for protective order with regard to the Sikorski deposition, and the payment of expenses should be ordered under this rule in regard to *that* motion. Such sanctions would also apply to the Court's anticipated rulings in regard to Bednarski's motion for protective order.

Sanctions are also permissible for the failure to obey a court order. Fed.R.Civ.P. 37(b). This rule is relevant here in numerous regards. First, Bednarski was under a federal subpoena to attend his deposition, and refused to do so. Therefore, he has disobeyed a court order and is subject to sanctions. Second, the Plaintiffs' were under Court order from Magistrate Hluchanuiak to attend their own depositions and to provide documents. They failed to do so and, therefore, can be sanctioned under this rule as well.

Fed.R.Civ.P. Rule 37(b)(2)(C) further provides:

> Instead of or addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. (Emphasis added).

12

Obviously, the failure of Bednarski and the Plaintiffs to comply with court orders was not substantially justified and no other circumstances make an award of expenses unjust.

If a *party* fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection of documents (and the Plaintiffs here fall into *all three of those categories*), sanctions are permissible pursuant to Rule 37(d). Sanctions under this Rule are identical in scope to those quoted above under Rule 37(b)(2)(C).

In light of the blatant abuses of the judicial process engaged in by the Plaintiffs, by Bednarski, and by their respective attorneys, sanctions should be awarded under these Court Rules as well.

## IV.    AMOUNT OF SANCTIONS AND DETERMINATION THEREOF.

In light of the fact that this has been a sham lawsuit from its inception, Defendant, Intervenors, and their respective attorneys request reimbursement of *all* costs and attorney fees incurred from the filing of the complaint until the dismissal of this lawsuit and resolution of all sanction and fee motions.[2]

Defendant and Intervenors submit that the appropriate way for this Court to determine, and order, the amount of sanctions to be awarded is for this Court to issue an order granting the request for sanctions, with instructions that Defendant and the Intervenors are to submit an accounting to the Plaintiffs and to Bednarski as to the amount of monies for which they seek reimbursement, with the Court then providing the Plaintiffs and Bednarski sufficient time to respond. If the Plaintiffs and Bednarski consent to the amount sought, this Court can enter an order accordingly. If the Plaintiffs and/or Bednarski object to the amount of the costs and attorney fees sought, this Court should order that the Defendant and the Intervenors shall

---

[2]   This motion does *not* seek costs and attorney fees pursuant to a "reverse" 42 U.S.C. § 1988 request. For the reasons as set forth herein and in the referenced documents and materials, such a "reverse" awarding of costs and attorney fees is certainly warranted. However, since as of the time of the filing of this motion there has been no judgment rendered dismissing this action, Defendant cannot yet move for costs and attorney fees pursuant to 42 U.S.C. § 1988. Defendant specifically reserves the right to file such a motion post-judgment.

then set on for hearing a motion for the determination of the amount of sanctions, which Defendant and the

Intervenors are agreeable to being resolved either by this Court or by Magistrate Hluchanuiak.

## CONCLUSION

For the reasons as set forth herein and in the materials referenced in this motion and in this brief, Defendant and the Intervenors request this Honorable Court to enter an award of sanctions against the Plaintiffs, Marion Bednarski and their respective attorneys, Ben Gonek, Paul O'Neill, Cindy Rhodes Victor, and Lynn Geist, jointly and severally, and require them to pay to the Defendant, the Intervenors, and their respective attorneys, all of the attorney fees and costs that they have incurred from the filing of this action until its full resolution (including the determination of all fees, costs, and sanctions motions).


Dated:  December 29, 2008                      Respectfully submitted,

/s/ Dean Koulouras, Esq.                       /s/ Bradley J. Shafer, Esq.
**DEAN KOULOURAS (P16176)**                    **BRADLEY J. SHAFER (P36604)**
Co-Counsel for Defendant                       **SHAFER & ASSOCIATES, P.C.**
13407 Farmington Road, Suite 102               Co-Counsel for Defendant
Livonia, Michigan  48150                       3800 Capital City Boulevard, Suite 2
Telephone:  (734) 458-2200                     Lansing, Michigan  48906
                                               Telephone:  (517) 886-6560


/s/ David W. Warren, Esq.
**DAVID W. WARREN (P32449)**
**PETER W. JOELSON (P51468)**
**JOELSON ROSENBERG, PLC**
Counsel for Intervenors
30665 Northwestern Highway, Suite 200
Farmington Hills, Michigan  48334
Telephone:  (248) 626-9966

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed Joint Motion of Defendant and Invervenors for Sanctions Against Plaintiffs, Marion Bednarski, and Their Respective Attorneys, Jointly and Severally; and Brief in Support of Joint Motion of Defendant and Intervenors for Sanctions Against Plaintiffs, Marion Bednarski, and Their Respective Attorneys, Jointly and Severally with the United States District Court for the Eastern District of Michigan and upon all opposing counsel.

Dated this 29th day of December, 2008.                */s/Bradley J. Shafer*
                                                       Bradley J. Shafer (P36604)
                                                       Co-Counsel for Defendant
                                                       3800 Capital City Boulevard, Suite 2
                                                       Lansing, Michigan 48906
                                                       Telephone: (517) 886-6560