UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES COZZENS and<br>I-75 OUTER DRIVE ADULT<br>BOOK STORE,<br><br>   Plaintiffs,<br>vs.<br><br>CITY OF LINCOLN PARK,<br>a Municipal Corporation,<br><br>   Defendant.<br>_____/ | Case No. 08-11778<br><br>John Corbett O'Meara<br>United States District Judge<br><br>Michael Hluchaniuk<br>United States Magistrate Judge |

**ORDER GRANTING IN PART**
**DEFENDANT'S MOTION TO COMPEL (Dkt. 57)**

**I. PROCEDURAL HISTORY**

The complaint in the present case was filed on April 28, 2008. (Dkt. 1). A motion to intervene was filed by Papalas Drive Development, LLC and HDV-Lincoln Park, LLC (Intervenors) on May 15, 2008. (Dkt. 4). The following day, May 16, 2008, the City of Lincoln Park filed an answer to the complaint. (Dkt. 5). On September 10, 2008, Intervenors' motion to intervene was granted. (Dkt. 27). Intervenors filed an answer to the complaint on September 15, 2008. (Dkt. 28).

Defendant filed a motion for summary judgment on November 7, 2008. (Dkt. 48). A joinder of that motion was filed by Intervenors on November 7, 2008.

1

(Dkt. 49). Defendant filed a motion to compel discovery on December 11, 2008. (Dkt. 57). That motion was referred to the undersigned on December 15, 2008 under the provisions of 28 U.S.C. § 636(b)(1)(A). (Dkt. 58). The motion for summary judgment was responded to by plaintiffs on December 15, 2008. (Dkt. 59). Hearing on that motion is currently scheduled for January 22, 2009.

A notice of hearing regarding the motion to compel setting the hearing date for January 15, 2009, was entered on December 23, 2008. (Dkt. 67). Plaintiffs filed a response to the motion to compel on December 24, 2008. (Dkt. 68). Defendant replied to the response to the motion to compel on December 29, 2008. (Dkt. 70). Intervenors filed a concurrence to defendant's reply on December 29, 2008. (Dkt. 73). A statement of resolved and unresolved issues was filed by the parties on January 8, 2009. (Dkt. 78). The hearing on the motion to compel was held on January 15, 2009.

## II.    RELEVANT FACTS

Plaintiffs James Cozzens and I-75 Outer Drive Adult Book Store[1] filed the complaint seeking to have a portion of the City of Lincoln Park city code relating

---

[1] At the hearing on the motion to compel on January 15, 2009, the attorneys for the plaintiffs stated that the I-75 Outer Drive Adult Book Store was merely a name assumed by James Cozzens to operate a business and, contrary to their earlier belief, was not a separate and distinct legal entity from Mr. Cozzens and, therefore, should not be considered a separate party from Mr. Cozzens.

2

to adult entertainment businesses declared unconstitutional. Plaintiffs sought to establish an adult entertainment business within the City of Lincoln Park and allegedly were denied the opportunity to do that by Lincoln Park. Lincoln Park defends the city code as well as their actions in dealing with plaintiffs. Intervenors, who also want to establish an adult entertainment business in Lincoln Park, align themselves with Lincoln Park in opposing plaintiffs' lawsuit.

According to defendant's motion to compel, which was filed on December 11, 2008, defendant served a set of interrogatories and requests for the production of documents on Mr. Cozzens as well as on I-75 Outer Drive Adult Book Store (I-75 Outer Drive) on October 9, 2008 by mailing them to counsel for plaintiffs and also sending them by e-mail. Counsel for defendant asserted that as of the filing of the motion to compel no responses or objections to the discovery requests had been provided and, therefore, the answers to the discovery requests should be ordered and plaintiffs should be considered to have waived any objections to the discovery requests due to their failure to respond in a timely fashion. Plaintiffs' response to the motion, which was filed on December 24, 2008, asserted that the delay in responding to the discovery requests resulted from plaintiffs' attempts to reach a settlement in the case through facilitation and negotiation with intervenors and that, due to the good faith attempts to settle the case, plaintiffs should not be viewed to

have waived objections to the discovery requests served by defendant. Responses to the discovery requests were included with the response to the motion.

    Defendant's reply to the plaintiffs' response asserts that (1) the settlement attempts described by plaintiff were not with defendant and plaintiff never asked to extend the time to respond to the discovery requests from defendant, (2) plaintiffs had independently promised to provide the documents as part of an agreement to adjourn some depositions, (3) the responses to the discovery requests which were made on December 24, 2008, were inadequate and (4) plaintiffs could not properly object to the discovery requests because they had not acted in a prompt manner as required by court rule. Intervenors adopted the position of defendant regarding plaintiffs' failure to properly comply with the discovery requests.

### III.   AUTHORITY AND ANALYSIS

    Several rules relating to discovery are important to the resolution of the present motion. Rule 33(b)(2) provides that answers or objections to interrogatories must be served within 30 days of being served with the interrogatories unless otherwise provided by stipulation or court order. Fed.R.Civ.P. 33(b)(2). Rule 33(b)(4) further provides that any "ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." "As a general rule, failure to object to discovery requests within the

thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection." *Gonzalez, Jr. v. Ohio Cas. Ins. Co.*, 2008 WL 795757, *1 (E.D. Mich. 2008), quoting, *Carfagno v. Jackson National Life Ins.*, 2001 WL 34059032 (W.D. Mich. 2001) (no exception for work product and attorney-client material under the waiver).

Rule 34(b)(2)(A) and (B) provides that a party responding to a request to produce documents must do so within 30 days of being served with the request and that the response must either state that the request is being permitted or state an objection to the request with "reasons" for the objection. Fed.R.Civ.P. 34(b)(2)(A). Where a party from whom discovery is sought seeks to withhold information based on a claim of privilege or trial preparation materials, the party withholding the information must expressly make the claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A)(i) and (ii). Such a description of the documents or communications is commonly referred to as a privilege log. Rule 26(c) also provides a means for a party to object to discovery requests through a motion for a protective order. For the purpose of evaluating the propriety of a response to a discovery request, an

evasive or incomplete disclosure is treated as a failure to disclose, answer, or respond. Fed.R.Civ.P. 37(a)(4).

The parties met before the hearing on January 15, 2009 and resolved at least one area of controversy. In the Cozzens request for production, requests 13, 14, 15 and 16, defendant sought documents that plaintiff had sent to or received from Lincoln Park for any purpose as well as documents relating specifically to the real property at issue and the business that plaintiff was seeking to operate at that location. The parties agreed to limit the scope of their requests to "the property that is the subject of the lawsuit and any business that is to be, or may be, operated thereon." The remaining issues were still unresolved as of the January 15, 2009 hearing.

### A.   The Failure to Respond Where No Objection Was Made

A significant number of the discovery requests were responded to by a statement indicating that plaintiffs will look for certain items described in the request and produce them at an unspecified time in the future, if they were found. Discovery requests fitting into this category are: (1) Cozzens interrogatory 6; (2) Cozzens requests for production 7, 8, 9 10, 11, 12, 22, and 23; (3) I-75 Outer Drive interrogatories 8, 9, 11, and 12; and (4) I-75 Outer Drive requests for production 7, 8, 9, 10, 11, 12, 22, and 24. With respect to these items, over four months has

6

passed since the discovery requests were served on plaintiff. While some period of time could be excused based on plaintiffs' attempt to settle the lawsuit through facilitation and negotiation, that time ended and plaintiffs should have produced the documents or stated they did not exist a long time ago. The motion to compel is granted as to these items and plaintiff is ordered to respond to the requests for production by January 21, 2009.

      **B.**    **Failure to Respond Based on Privilege or Relevance**

Another group of responses were not provided based on plaintiffs' claim that the items were protected by privilege or were not relevance. While plaintiffs' claimed privilege, they did not attach a privilege log or copies of the disputed items to the response they filed on December 24, 2008, nor did they provide such information as late as the January 15, 2009, hearing. Additionally, plaintiffs did not file a motion for a protective order under Rule 26(c). A party may not excuse its failure to respond to interrogatories or to produce documents on the grounds that the request is objectionable unless the party has a pending motion under Rule 26(c). Fed.R.Civ.P. 37(d)(2). This failure to comply with the terms of Fed.R.Civ.P. 26(b)(5) or 26(c) warrants the determination that plaintiffs have waived any assertion of a claim of privilege. The undersigned recognizes that it has discretion to not impose such a limitation on plaintiffs in this case but plaintiffs

clearly should have acted differently under these circumstances. However, the undersigned does not believe it is in the interests of efficiency to conclude that plaintiff has waived objections based on relevancy.

### C. Remaining Disputed Cozzens Interrogatories

Interrogatory 3 sought information regarding who may have contributed to plaintiffs' attorney fees. Plaintiffs agreed to respond to this interrogatory as long as the response did not include any substantive information. Plaintiffs are ordered to respond, with the indicated limitation, by January 21, 2009.

Interrogatory 4 sought information relating to any interest that Mr. Cozzens had in the real property where the business was to be located. Plaintiff's response referred to the response made to request for production 1. The response to the request for production 1 refers to a lease agreement and an assignment that plaintiff says defendant already has. This response is inadequate for two reasons. The response does not definitively state that these two documents are the only documents that relate to the interest of Mr. Cozzens in the property and the lease agreement is not identified by date and a copy is not attached. Plaintiff is ordered to provide copies of all documents that relate to his interest in the property by January 21, 2009.

Interrogatory 5 sought information relating to the identity of anyone who assisted plaintiff in seeking approval of his business operation form the City of Lincoln Park. The undersigned determines that the basic request seeks relevant information although the response should be limited to persons who provided material, substantive assistance to plaintiff in seeking this approval from the City. Plaintiff's claim of privilege, as indicated earlier, is deemed waived. Plaintiff must properly respond to this interrogatory, with the indicated limitation, by January 21, 2009.

Interrogatory 11 sought information relating to plaintiff's criminal history. Plaintiff indicated it will respond to this interrogatory and plaintiff is ordered to do so by January 21, 2009.

### D. Remaining Disputed Cozzens Requests for Production

Request for production 1 relates to documents regarding plaintiff's interest in the real property in question. As noted earlier in the discussion, regarding Interrogatory 4, the response given is not complete in that it does not affirmatively state that the indicated documents are all the relevant documents and the response does not clearly identify the documents or provide copies of the documents. Plaintiff is directed to properly respond to this request by January 21, 2009.

Request for production 2 relates to documents relevant to who was paying the attorney fees for the present litigation.  Plaintiff agreed to provide the documents as long as any information in the documents that would disclose the substance of the representation of counsel could be redacted.  Redacting information of that kind was reasonable under the circumstances.  Plaintiff is directed to produce those documents by January 21, 2009, with redactions consistent with this opinion.

Requests for production 13-16 relate to documents submitted to the City or received from the City and included the real property in question and the adult business that was to be located on the property.  At the hearing, the parties agreed to limit the scope of these requests to the real property in question and any adult business venture plaintiff was involved in regardless of whether it was on this particular parcel of real property.  Plaintiff is directed to produce these documents by January 21, 2009.

Requests for production 20-21, respectively, relate to documents exchanged with Marion Bednarski and documents relating to any payments made to the owner of the property at issue.  At the hearing, the parties agreed to limit the scope of these requests to the real property in question and any adult business venture plaintiff was involved in, regardless of whether it was on this particular parcel of

real property. Plaintiff is directed to produce these documents by January 21, 2009.

Request for production 24 relates to documents involving payments that plaintiff made relating to the adult business to be located on the real property in question. Plaintiff is directed to produce such documents but may redact information that may disclose information regarding the substance of work done by an attorney for plaintiff. These documents must be produced by January 21, 2009.

Request for production 25 relates to any documents relevant to the establishment or operation of the adult business on the real property in question. Plaintiff had made a response indicating all such documents had already been provided in "Plaintiffs' disclosures." Such a general response is not sufficient and plaintiff is directed to identify each document with specificity or provide a copy of the document by January 21, 2009.

### E.   Remaining Disputed I- 75 Outer Drive Interrogatories

Interrogatory 1 sought information regarding the form of business of this plaintiff. The attorneys for plaintiffs indicated at the hearing that this plaintiff was a sole proprietorship operated by plaintiff Cozzens. However, defendant is entitled to an answer to this interrogatory under oath and plaintiff is directed to provide that answer by January 21, 2009.

Interrogatory 2 sought information regarding documents that reflected the form of business of plaintiff I-75 Outer Drive.  In light of the anticipated response to Interrogatory 1 the assumed name certificate is the only document necessary for a response and apparently that has already been provided.

Interrogatories 3 and 4 sought information regarding the ownership of I-75 Outer Drive.  The responses previously made by plaintiff are not adequate in that they do not clearly state that no one besides Mr. Cozzens has any type of interest, legal or equitable, in the I-75 Outer Drive business.  Plaintiff agreed to supplement its existing response and that supplement should include an unequivocal statement as to the existence of other interest, of any kind, in the business held by any person or entity.

Interrogatory 13 sought information that, by its nature, would not apply to a business and defendant withdrew the interrogatory at the hearing.

### F.    Remaining Disputed I-75 Outer Drive Requests for Production

Requests for production 1-3 relate to documents associated with the business form of this plaintiff as well as to documents associated with the payment of attorney fees relating to the present litigation.  Plaintiff agreed to supplement earlier responses to produce these documents except for documents relating to attorney fee issues that would disclose the substance of any legal services

12

provided. Plaintiff is directed to produce these documents by January 21, 2009, and is authorized to redact any information that would disclose the substance of any legal services provided.

Requests for production 13-16 relate to documents sent to or received from the City of Lincoln Park for any purpose and which would include, more specifically, the real property in question as well as the adult business that plaintiff is attempting to establish there. The parties agreed at the hearing to limit the responses to the real property in question and any adult business that plaintiff has attempted to establish in Lincoln Park.

Requests for production 17-18 relate to documents regarding expert witnesses. Plaintiff responded by saying they had not yet retained an expert and therefore, the responses previously provided are adequate.

Request for production 19 relates to documents supporting plaintiff's claims. Plaintiff responded by stating, generally, that the documents were previously provided. Plaintiff is directed to supplement its response to identify specific documents or provide copies of the documents so there is no question which documents are involved. Defendant is entitled to a more exact response than that provided by plaintiff earlier.

Requests for production 20-21 relate to communications between this plaintiff and Marion Bednarski regarding any matters and, specifically, regarding the real property in question, as well as the establishment or operation of any adult business. Counsel for plaintiff indicated that Mr. Cozzens and Mr. Bednarski have been personal acquaintances for many years and that there is the potential for communications that is entirely of a personal nature. Based on this representation, plaintiff is directed to produce only those documents that relate to the real property in question or the establishment or operation of any adult business. These documents must be produced by January 21, 2009.

Request for production 23 relates to documents regarding any payments received with respect to the real property in question or any adult business to be operated on the property. Plaintiff previously responded to this request by claiming that the information is not relevant. The undersigned concludes that the information is relevant under the standards contained in Rule 26(b)(1) and, therefore, plaintiff is directed to respond to this request by January 21, 2009.

Request for production 25 relates to documents regarding the establishment or operation of the adult business that is to be operated on the real property in question. Plaintiff responded to this request by referring, generally, to documents previously disclosed. This type of general reference to other documents is not

adequate and plaintiff is directed to specifically describe the documents previously disclosed or to provide copies of any documents that are responsive. Plaintiff is directed to make this supplemental response by January 21, 2009.

### G.   Miscellaneous

This order provides that the responses of plaintiff are to be completed by January 21, 2009, and the order will be entered on January 21, 2009. This is not unreasonable in light of the fact that plaintiff was instructed at the January 15, 2009, hearing that the responses were to be provided by January 21, 2009.

Defendant had also objected to the responses to the interrogatories and requests for production based on the fact that they were not signed by the party under oath. Plaintiff indicated that supplemental responses would be signed in that manner.

Defendant also seeks costs including attorney fees based on the plaintiffs' deficiencies in responding to the discovery requests. A decision on that request will be deferred to a later time.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any

defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: January 21, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 21, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the EC. system which will send electronic notification to the following: Ben M. Gonek, Dean Koulouras, Paul T. O'Neill, Bradley J. Shafer, Cindy R. Victor, and David W. Warren, and I certify that I have mailed by United States Postal Service the paper to the following non-EC. participants: Jonathan Riches, # 40948018, WILLIAMSBURG FEDERAL CORRECTIONAL INSTITUTION, Post Office Box 340, Salters, SC 29590, Richard A. Sands, RS&S Attorneys General, 13162 Fordline Street, Suite B1, Southgate, MI 48195.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov