UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES COZZENS and<br>I-75 OUTER DRIVE ADULT<br>BOOK STORE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF LINCOLN PARK,<br>a Municipal Corporation,<br><br>　　　　　Defendant.<br>_____/ | Case  No.08-11778<br><br>John Corbett O'Meara<br>United States District Judge<br><br>Michael Hluchaniuk<br>United States Magistrate Judge |

**ORDER REGARDING CLAIM OF PRIVILEGE
RELATING TO SEAGRAVES DOCUMENTS**

**I.       Procedural History**

Pending before the court is a motion for sanctions, including an award of attorney fees, filed by defendant City of Lincoln Park and intervening defendants Papalas Drive Development, LLC and HDV-Lincoln Park, LLC.  These parties will collectively be referred to as the petitioners.  The sanctions were originally sought against James Cozzens, I-75 Outer Drive Adult Book Store, the original plaintiffs in this case, as well as against non-parties Tony Seagraves, Marion Bednarski and their respective attorneys.  Petitioners generally alleged that these

1

parties and non-parties perpetrated a fraud against the court by initiating this lawsuit without disclosing the real parties in interest and without disclosing the true purpose of the litigation. Petitioners have come to settlement terms with James Cozzens, I-75 Outer Drive Adult Book Store, Tony Seagraves and their respective attorneys, leaving Mr. Bednarski and his attorneys to contest petitioners' allegations. Mr. Bednarski and his present attorneys will collectively be referred to as the respondents.

  The present complaint was filed on April 28, 2008. (Dkt. 1). The basic allegations in the complaint were that James Cozzens had attempted to set up an "adult" bookstore in the City of Lincoln Park and had been denied the opportunity to do so based on a city ordinance that limited "adult" businesses within the city limits such that they could not be built within 1000 feet of each other. Mr. Cozzens, as it seems, had attempted to set up his "adult" business within 1000 feet of another "adult" business, the Hustler Club, that was then being established by intervening defendants. Authority to establish the Hustler Club had only recently been issued by Lincoln Park prior to the time that Mr. Cozzens had sought similar authority for his business. Mr. Cozzens' complaint claimed that the Lincoln Park ordinance violated his constitutional rights.

While Lincoln Park was the only named defendant at the time the case was filed, on May 15, 2008, intervening defendants filed a motion to intervene claiming that they wanted to protect their "first in time rights" to establish their "adult" business, that the lawsuit put those rights in jeopardy because it was being maintained by someone who wanted to also establish an "adult" business in the area of their planned business and they were concerned that Lincoln Park would not adequately protect their business interests in defending the lawsuit alone. (Dkt. 4). Their motion to intervene was granted on September 10, 2008. (Dkt. 27).

In addition to the present lawsuit, intervening defendants were involved in a lawsuit in state court that pitted intervening defendants and others against Marian Bednarski in a dispute about who had the right to establish an "adult" entertainment business on a specific lot in Lincoln Park. That case was initiated in 2007 and was in progress at the time the present case was filed in April of 2008. Mr. Bednarski was represented by different attorneys at various stages of the state court proceeding, but was represented by the Victor Firm beginning in approximately March of 2008. Mr. Bednarski, through the representation of the Victor Firm, sought to intervene in the present case on June 11, 2008. (Dkt. 8). The motion to intervene was withdrawn on September 3, 2008. (Dkt. 24).

Mr. Cozzens and I-75 Bookstore became embroiled in discovery disputes at a fairly early stage of the proceedings. Those disputes resulted in motions being filed to compel the answer to interrogatories and to compel the production of documents. At one point, in December of 2008, the depositions of Mr. Cozzens and Tony Seagraves were scheduled although those depositions were never taken. Just prior to those scheduled depositions Mr. Bednarski objected to the depositions of Cozzens and Seagraves and also, on December 17, 2008, filed a motion for a protective order relating to information that was sought from him by the defendants. (Dkt. 63).

Before the discovery disputes could be resolved, Judge O'Meara granted defendants' motion for summary judgment on March 13, 2009. (Dkt. 115). The present motion had been filed on December 29, 2008. (Dkt. 72). A second motion was filed on April 9, 2009, seeking an award of attorney fees pursuant to 42 U.S.C. § 1988. (Dkt. 121). Hearings have been held on these motions on several dates. The evidentiary hearing associated with these motions is currently scheduled to continue on July 27, 2009.

At the hearing on June 22, 2009, Mr. Seagraves appeared pursuant to subpoena and brought with him certain documents responsive to the subpoena. Counsel for Mr. Seagraves tendered those documents to counsel for Mr. Bednarski

4

and she raised an initial objection to the disclosure of those documents generally based on a privilege claim. The hearing was basically concluded at that point and the parties were invited to submit briefs on the privilege issue. Respondents' brief was filed on July 10, 2009, (Dkt. 161) and petitioners brief was filed on July 17, 2009. (Dkt. 163). Oral argument was heard, via conference call, on July 22, 2009.

## II.     Arguments of the Parties

Respondents based their arguments relating to privilege on an assertion of the attorney-client privilege as well as the attorney work product privilege. All of the documents in question were in the possession of Mr. Seagraves. Some of the documents were sent to Mr. Seagraves via e-mail while others were personally delivered to him and a few were faxed to him. The vast majority of the documents were communications from the Victor Firm to Mr. Bednarski, with a copy being sent to Mr. Seagraves as well, and others were direct communications from the Victor Firm to Mr. Seagraves. Some of the documents were billing statements of the Victor Firm for services rendered to Mr. Bednarski. Some of the documents contain statements by Mr. Bednarski as part of a series of e-mail exchanges between the Victor Firm and Mr. Bednarski.

With respect to the attorney client privilege, sharing the information with a third party is normally viewed as a waiver of the confidentiality normally

associated with such a communication but respondents contend that Mr. Bednarski and Mr. Seagraves had a common interest in the state court litigation to which Mr. Bednarski was a party and, therefore, the attorney-client privilege extends to Mr. Seagraves and, as a result, disclosing any attorney-client information to Mr. Seagraves did not operate as a waiver of the privilege. Respondents also contend that these communications, for the most part, are within the scope of the attorney work product privilege and that disclosing them to Mr. Seagraves does not operate as a waiver of that privilege because Mr. Seagraves is not an "adversary" of Mr. Bednarski and that only when disclosure of otherwise privileged material is made to an "adversary" does a waiver of the privilege result.

Petitioners, who have not yet seen the actual documents, respond to these arguments by contending that disclosure of these documents to Mr. Seagraves is a waiver of attorney-client privilege and that Mr. Seagraves does not share a legally adequate common interest with Mr. Bednarski such that he falls within the scope of the privilege that might otherwise protect communications between Mr. Bednarski and his attorneys. Petitioners further contend that Mr. Seagraves is an adversary of Mr. Bednarski and, therefore, disclosure of the documents to him is a waiver of the work product privilege.

Additionally, petitioners argue that, even if these is a privilege, the privilege is defeated by the crime fraud exception, which generally provides that communications relating to a crime or a fraud are not privileged. Petitioners contend that there is *prima facie* evidence of a fraud that was perpetrated on the court and that these communications, if they show anything about the relationship between Mr. Bednarski, Mr. Seagraves, Mr. Cozzens and their respective attorneys, satisfy the requirements of the crime fraud exception. Petitioners also argue that respondents have waived these privilege arguments by not raising them earlier and by not objecting to earlier testimony relating to communications that might have been subject to a similar claim of privilege.

**III.    Analysis and Conclusions**

The principles that guide the court's opinion in this matter include the attorney-client privilege, which protects "not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable [him or her] to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). The burden of establishing the existence of the privilege is on the proponent of that privilege. *In re Columbia/HCA Healthcare*, 293 F.3d 289, 294 (6th Cir. 2002). This privilege is narrowly construed and "'applies only where necessary to achieve its purpose and protects only those communications necessary

7

to obtain legal advice.'" *Id.*, quoting, *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986). The attorney-client privilege can be waived and one of the ways to do that is by a voluntary disclosure of a communication, otherwise covered by the privilege, to a third party. *Id.* The waiver of the privilege as to one person serves as a waiver of the privilege as to all other persons as well. *Id.* at 302-04.

In applying these principles to the present case, most of the documents presently in question are items of correspondence from the Victor Firm to Mr. Bednarski. Specifically, they are copies of e-mails that were exchanged between the Victor Firm and Mr. Bednarski or they are copies of written correspondence between the same parties. To the extent they are communications between Mr. Bednarski and his attorneys, or between more than one of the attorneys for Mr. Bednarski, they fall within the scope of the attorney-client privilege.

However, all of these documents were provided, in some way, to Mr. Seagraves. As indicated earlier, the voluntary disclosure of a privileged communication to a third party would normally constitute a waiver of the attorney client-privilege. Respondents contend that waiver did not take place in these circumstances because Mr. Seagraves and Mr. Bednarski shared a "common interest" and, therefore, providing the communications to a third party, with a common interest, did not breach the privilege. Respondents cite *Dura Global*

*Technologies, Inc. v Magna Donnelly Corp.*, 2008 U.S. Dist. LEXIS 41432 (E.D. Mich.) in support of their position. In *Dura Global*, Magistrate Judge Majzoub determined that under the common interest doctrine allowed for the disclosure, without breaching the attorney-client privilege, of confidential material to a party with "' an identical legal interest with respect to the subject matter of the communication.'" *Id.* (citations omitted). In that case, the Magistrate Judge Majzoub concluded that letters sent from an attorney for the defendant to an attorney for a third party relating to the infringement of a patent on a product made by defendant and used by the third party fell within the scope of the common interest doctrine.

In the case of *Reed v. Baxter*, 134 F.3d 351, 357 (6th Cir. 1998), the Sixth Circuit considered whether the common interest doctrine applied to a situation in which a city attorney met with two city employees regarding a promotion decision that they had to make and that meeting was also attended by two city councilmen. The court concluded there that there was a disparity of interest between the two city councilmen and the city employees because it was only the city employees that were involved in the litigation, not the city councilmen, and, therefore, the common interest doctrine did not apply.

Respondents contend that the "common interest" that links Mr. Bednarski and Mr. Seagraves to the communication with the Victor Firm was the state court litigation to which Mr. Bednarski was a party and for which Mr. Seagraves was paying the legal fees. It was conceded that Mr. Seagraves had no interest in the lawsuit except as it represented a potential source of funds from which a loan made by Mr. Seagraves to Mr. Bednarski could be paid. In order to be considered a "common interest" within the meaning of the common interest doctrine, the interest must be "identical" and it must be a "legal" interest as perhaps contrasted to a mere business interest. Based on these circumstances, the undersigned concludes that there is too much of a disparity in the nature of the interests in the state court litigation between Mr. Bednarski and Mr. Seagraves to find that the disclosure of these communications to Mr. Seagraves was within the scope of the attorney-client privilege. Therefore, the disclosure to Mr. Seagraves constituted a waiver of the attorney-client privilege with respect to these communications.

Although the attorney-client privilege has been waived with respect to these communications, respondents also claim that these documents represent work product of the attorneys and, therefore, should not be disclosed. The work product doctrine was intended to "permit an attorney to 'assemble information, sift what [he or she] considers to be the relevant facts, prepare [his or her] legal theories and

10

plan [his or her] strategy without undue and needless interference ... to promote justice and to protect [his or her] clients' interests.'" *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006), quoting, *Hickman v Taylor*, 329 U.S. 495, 511 (1947). The current scope of this doctrine, at least in civil cases, appears to go beyond the work of an attorney and "as set forth in Federal Rule of Civil Procedure 26(b)(3), protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative." *Roxworthy*, 457 F.3d at 593. Rule 26(b)(3) appears to describe two classes of documents that are generally included in its scope. One such class is any "document ... that [is] prepared in anticipation of litigation or for trial by or for another party or its representative..." The second class, a subset of the first, is any document that contains "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Rule 26(b)(3)(B). This subset of documents seems consistent with the scope of the work product doctrine established by *Hickman* in that it is limited to statements or conclusions of a party's lawyer, whereas the broader class goes beyond that to include other documents, such as documents prepared by the party, as long as it was done in anticipation of litigation. In ruling on the matters presently in controversy, the undersigned has adopted a definition of the broader class of

11

documents that would require some inclusion of facts or opinions that would involve the substance of the litigation in order for them to included within the scope of the doctrine, as limited by Rule 26(b)(3). That is, excluded from the scope of the rule, and thus subject to disclosure, are any statements in the documents that relate only to dates, names of individuals, or other non-substantive matters.

As with the attorney-client privilege, the work product doctrine can be waived by disclosing the information to a third party. However, unlike the attorney-client privilege, the third party to whom the disclosure is made must be an "adversary" in order for waiver to take place regarding work product material. *In re Columbia*, 293 F.3d at 305. In the present case, this disclosure was made to Mr. Seagraves. Petitioners argued at the hearing that Mr. Seagraves was an "adversary" of Mr. Bednarski for several reasons, including the fact that (1) Mr. Bednarski owed Mr. Seagraves money; and (2) that, in Mr. Bednarski's motion to intervene in the present suit, he stated that his interests were contrary to those of the plaintiff's and that Mr. Seagraves was an undisclosed stakeholder in the plaintiff's cause of action. While it is clear that the evidence submitted so far during the course of this hearing could be interpreted to show that Mr. Bednarski did owe Mr. Seagraves money, that evidence also showed that Mr. Bednarski and

Mr. Seagraves were friends and business partners during relevant time periods and, on balance, were never really at odds with each other and, therefore, could not be considered "adversaries" as that term is commonly understood. In *In re Columbia/HCA*, the adversary to whom disclosures were made was a government agency investigating the conduct of Columbia/HCA and the opinion referred to another case where the adversary was the opposing party in a lawsuit. *In re Columbia/HCA*, 293 F.3d at 305. The relationship between Mr. Bednarski and Mr. Seagraves, at the time the disclosures were made, did not come close to resembling an adversarial relationship of that order. On these facts, disclosure of otherwise qualifying work product materials to Mr. Seagraves would not constitute a waiver of the work product doctrine.

Petitioners also assert that, even if the documents in question were covered by the attorney-client privilege or the work product doctrine, any privilege or protection from disclosure would be defeated by the crime-fraud exception. The crime-fraud exception applies to either the attorney-client privilege or the work product doctrine. *In re Grand Jury Subpoenas*, 454 F.3d 511, 520 (6th Cir. 2006).

In order to apply the crime-fraud exception to these circumstances, a "'prima facie showing that a sufficiently serious crime or fraud occurred to defeat the privilege'" must be made and "'some relationship between the communication at

13

issue and the prima facie violation'" must be established. *United States v. Collis*, 128 F.3d 313, 321 (6th Cir. 1997), quoting, *In re Antitrust Grand Jury*, 805 F.2d 155, 164 (6th Cir. 1986). A "prima facie" showing is sufficient evidence that "'a prudent person [would] have a reasonable basis to suspect the perpetration of a crime or fraud.'" *Id*. As to the nexus between the communication between the crime or fraud, "merely because some communications may be related to a crime is not enough to subject that communication to disclosure; the communication must have been made with an intent to further the crime [or fraud]." *In re Antitrust Grand Jury*, 805 F.2d at 167.

Petitioners assert that the "fraud" perpetrated here was the initiation of the present lawsuit under false pretenses. The false pretenses allegedly involved a lawsuit purportedly to establish an adult bookstore at a certain location (the Sikorski property) in Lincoln Park by James Cozzens, an individual who had no apparent connection to Mr. Bednarski, when the true purpose of the lawsuit was to stop the establishment of another adult cabaret business (the Hustler Club) that was being planned by intervening defendants in the present case, and to establish such a business operated by Mr. Bednarski and Mr. Seagraves, rather than the adult bookstore.

Without judging the ultimate facts of this case, the record so far in this case satisfies a prima facie showing that such a fraud occurred. It is acknowledged that additional evidence is to be presented and the ultimate decision on this point may be different, but the evidence in the record at the present time satisfies the prima facie threshold. However, after a careful review of all the documents at issue at this time, none could be identified as being made with the intent to further the fraud claimed by petitioners. As a result, the undersigned concludes that none of the documents, or statements contained therein, fall outside the scope of a privilege or doctrine by which they would otherwise be protected from disclosure, based on the crime-fraud exception.

Petitioners' other arguments of waiver based on respondents' failure to assert these privilege claims earlier or by taking a prior inconsistent position with respect to the nature of any privilege asserted are unavailing. The prior circumstances are sufficiently distinguished from the present that respondents should not be deemed to have waived the present claims.

Based on the application of the above standards, and the noted fact-finding, the following chart (borrowed substantially from the privilege log prepared by respondents' counsel) reflects the ruling of the court as to respondents assertion of privilege with respect to the documents tendered by Mr. Seagraves:

| BATES NO. | DATE | AUTHOR(S) | RECIPIENT(S) | DESCRIPTION | CONCLUSIONS OF COURT |
|---|---|---|---|---|---|
| P000001 | 4/4/08 | Lynn Geist | Mike Weaver (Plunkett Cooney), Monty Bednarski, Tony Seagraves | Email correspondence enclosing settlement agreement signed by plaintiff and the Saad defendants | Not privileged; non-substantive |
| P000002 | 4/10/08 | Lynn Geist | Tony Seagraves | Email correspondence regarding a facsimile transmission received by L. Geist from T. Seagraves | Not privileged; non-substantive |
| P000003-8 | 5/21/08 | Cindy Rhodes Victor | Monty Bednarski | Legal advice regarding client's claims | Work Product |
| P000009 | 5/22/08 | Lynn Geist | Tony Seagraves | Email correspondence regarding May 21, 2008 letter to M. Bednarski | Not privileged; non-substantive |
| P000010-12 | 6/11/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence enclosing notice of filing through the ECF system of M. Bednarski's motion to intervene | Not privileged; non-substantive |
| P000013 | 6/20/08 | Lynn Geist | Tony Seagraves | Email correspondence regarding telephone call | Not privileged; non-substantive |
| P000014 | 6/20/08 | Lynn Geist | Monty Bednarski, Tony Seagraves, Cindy Rhodes Victor, Mike Weaver | Email correspondence regarding motion hearing before Judge MacDonald and answering M. Bednarski's question | Work Product |
| P000015 | 6/20/08 | John J. Danielski | Lynn Geist, Cindy Rhodes Victor, Tony Seagraves | Email correspondence regarding legal advice to client | Work Product |
| P000016 | 6/20/08 | Lynn Geist | Monty Bednarski, Tony Seagraves, Cindy Rhodes Victor, Mike Weaver | Duplicate of P000014 | Work Product |
| P000017-21 | 6/23/08 | Cindy Rhodes Victor | John J. Danielski, Lynn Geist, Monty Bednarski, Tony Seagraves | Email correspondence regarding legal advice to client in response to email correspondence from J. Danielski | Work Product |
| P000022-34 | 6/23/08 | Cindy Rhodes Victor | John J. Danielski, Lynn Geist, Monty Bednarski, Tony Seagraves | Continued email correspondence regarding legal advice to client in response to second email correspondence from J. Danielski | Work Product |
| P000035-37 | 6/23/08 | Cindy Rhodes Victor | Monty Bednarski, Tony Seagraves, Lynn Geist | Email correspondence regarding legal advice in response to attached email correspondence from M. Bednarski | Work Product |
| P000038 | 7/1/08 | Cindy Rhodes Victor | Tony Seagraves | Email correspondence regarding May, 2008 billing | Not privileged; non-substantive |
| P000039-46 | 7/14/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence regarding legal advice in response to attached email correspondence from M. Bednarski | Work Product |
| P000041 | 7/15/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence regarding rescheduled date for motion hearing | Not privileged; non-substantive |
| P000042 | 7/18/08 | J.A. Moga/Cindy Rhodes Victor | Tony Seagraves | Facsimile transmission regarding June, 2008 billing | Not privileged; non-substantive |
| P000043-48 | 7/22/08 | Michael D. Weaver | Monty Bednarski | Letter regarding actions taken on file by M. Weaver/Plunkett Cooney and proposed attorney's consensual lien | Work Product |

16

| BATES NO. | DATE | AUTHOR(S) | RECIPIENT(S) | DESCRIPTION | CONCLUSIONS OF COURT |
|---|---|---|---|---|---|
| P000049 | 8/15/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence regarding L. Geist's telephone conference with M. Weaver | Work Product |
| P000050 | 8/21/08 | J.A. Moga | Tony Seagraves, Monty Bednarski | Email correspondence enclosing C. Victor's 8/21/08 letter to M. Bednarski | Not privileged; non-substantive |
| P000051-52 | 8/21/08 | Cindy Rhodes Victor | Monty Bednarski | Letter regarding P. BEC and billing | Not privileged; non-substantive |
| P000053 | 8/26/08 | Cindy Rhodes Victor | Monty Bednarski, Tony Seagraves | Email correspondence regarding billing | Not privileged; non-substantive |
| P000054 | 8/28/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence regarding agreement between M. Bednarski and T. Seagraves regarding T. Seagraves' advancement of litigation costs and loans | Not privileged; non-substantive |
| P000055-57 | 8/28/08 | Tony Seagraves | Monty Bednarski | Agreement drafted by T. Seagraves regarding his agreement with M. Bednarski regarding advancement of litigation costs in state court litigation | No privilege claimed |
| P000058-60 | 9/10/08 | Edward G. Lennon | Marion J. Bednarski | Letter regarding M. Bednarski's malpractice claims against S. Smith | Work Product |
| P000061-62 | 9/12/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence regarding M. Bednarski's retention of E. Lennon | Work Product |
| P000063 | 9/15/08 | Lynn Geist | Tony Seagraves | Email correspondence regarding telephone message from M. Bednarski | Work Product |
| P000064 | 9/15/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence regarding email correspondence of August 28, 2008 | Not privileged; non-substantive |
| P000065 | 9/16/08 | Cindy Rhodes Victor | Monty Bednarski, Tony Seagraves, Lynn Geist | Email correspondence regarding M. Bednarski's participation in settlement | Work Product |
| P000066-67 | 9/16/08 | Cindy Rhodes Victor | Monty Bednarski, Lynn Geist | Email correspondence regarding legal advice in response to M. Bednarski's facsimile transmission of 9/15/08 | Work Product |
| P000068 | 9/22/08 | Cindy Rhodes Victor | Monty Bednarski, Tony Seagraves | Email correspondence regarding billing | Not privileged; non-substantive |
| P000069 | 9/23/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence regarding vehicle identification number of Jet Ski | Not privileged; non-substantive |
| P000070-72 | 10/6/08 | Cindy Rhodes Victor | Marion Bednarski, Tony Seagraves | Letter regarding billing | Not privileged; non-substantive |
| P000073 | 10/6/08 | Cindy Rhodes Victor | Monty Bednarski | Email correspondence regarding 10/6/08 letter | Not privileged; non-substantive |
| P000074 | 10/7/08 | Lynn Geist | Tony Seagraves | Email correspondence regarding 10/6/08 letter | Not privileged; non-substantive |
| P000075-76 | 10/30/08 | Lynn Geist | Ben Gonek | Email correspondence regarding 10/30/08 email correspondence from D. Warren to B. Gonek, P. O'Neill, D. Koulouras, B. Shafer, P. Gallstone, M. Weaver, C. Victor, L. Geist and J. Rashid | No privilege claimed |
| P000077 | 10/30/08 | Lynn Geist | Tony Seagraves | Email correspondence regarding 10/30/08 email correspondence from M. Weaver regarding participation in additional settlement meetings | Not privileged; non-substantive |
| P000078-79 | 10/31/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence regarding 10/31/08 email correspondence from T. Seagraves and 10/30/08 facsimile transmission from M. Bednarski | Not privileged; non-substantive |

| BATES NO. | DATE | AUTHOR(S) | RECIPIENT(S) | DESCRIPTION | CONCLUSIONS OF COURT |
|---|---|---|---|---|---|
| P000080 | 11/7/08 | Lynn Geist | Tony Seagraves | Email correspondence forwarding D. Warren's request that T. Seagraves be present at 11/11/08 facilitation hearing and directing T. Seagraves to contact B. Gonek regarding participation | Not privileged; non-substantive |
| P000081 | 12/4/08 | Lynn Geist | Monty Bednarski, Tony Seagraves | Email correspondence regarding the Papalas parties' response to motion to enforce settlement agreement | Not privileged; non-substantive |
| P000082 | 3/25/09 | Lynn Geist | Eugene Goreta, Monty Bednarski, Tony Seagraves | Email correspondence regarding status of motion hearing | Not privileged; non-substantive |
| P000083-91 | 7/31/08 | The Victor Firm, PLC | Marion Bednarski, copied to Tony Seagraves | July, 2008 billing invoice | Redacted portion work product; remainder not privileged, non-substantive |
| P000092 | 6/30/08 | The Victor Firm, PLC | Marion Bednarski, copied to Tony Seagraves | Expense billing through 6/30/08 | Redacted portion work product; remainder not privileged, non-substantive |
| P000093-102 | 6/30/08 | The Victor Firm, PLC | Marion Bednarski, copied to Tony Seagraves | June, 2008 billing invoice | Redacted portion work product; remainder not privileged, non-substantive |
| P000103 | 7/31/08 | The Victor Firm, PLC | Marion Bednarski, copied to Tony Seagraves | Last page of July, 2008 billing | Redacted portion work product; remainder not privileged, non-substantive |
| P000104 | 3/31/08 | The Victor Firm, PLC | Marion Bednarski, copied to Tony Seagraves | Last page of March, 2008 billing | Redacted portion work product; remainder not privileged, non-substantive |
| P000105 | 4/30/08 | The Victor Firm, PLC | Marion Bednarski, copied to Tony Seagraves | Last page of April, 2008 billing | Redacted portion work product; remainder not privileged, non-substantive |

Given that there is an assertion of privilege, respondents will have an opportunity to object to the ruling of the undersigned before the challenged documents[1] are disclosed to petitioners.

**IT IS SO ORDERED**.

---

[1] Of the items listed by respondents on the privilege log, no claim of privilege was made with respect to items Bates numbered 55-57 and 75-76. These documents will be disclosed to petitioners forthwith.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: July 24, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on July 24, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Jonathan M. Colman, David R. Draper, Ben M. Gonek, Dean Koulouras, Paul T. O'Neill, Bradley J. Shafer, Cindy R. Victor, and David W. Warren.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov