UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES COZZENS and<br>I-75 OUTER DRIVE ADULT<br>BOOK STORE,<br><br>      Plaintiffs,<br><br>vs.<br><br>CITY OF LINCOLN PARK,<br>a Municipal Corporation,<br><br>      Defendant.<br>_____/ | Case No.08-11778<br><br>John Corbett O'Meara<br>United States District Judge<br><br>Michael Hluchaniuk<br>United States Magistrate Judge |

**ORDER SCHEDULING CONTINUATION
OF EVIDENTIARY HEARING AND
<u>CLARIFYING PRIOR COURT RULINGS</u>**

      Defendant City of Lincoln Park and intervening defendants Papalas Drive Development, LLC and HDV-Lincoln Park, LLC, have pending motions for costs and attorney fees based on allegations that Marion Bednarski and his attorneys perpetrated a fraud on the court. At a hearing in this matter on June 22, 2009, an issue was raised as to whether certain documents in the possession of Tony Seagraves were subject to a privilege. On July 24, 2009, an order was entered by the undersigned (Dkt. 166) relating to the privilege issue and, generally, ruled that some of the documents in Seagraves' possession were privileged and others were

1

not privileged and should be disclosed.  The authority of the undersigned to rule on such an issue is found at 28 U.S.C. § 636(b)(1)(A).  Any party aggrieved by the ruling normally has 10 days following the service of the ruling to object to the district judge responsible for the case.  Fed.R.Civ.P. 72(a).  Under the present circumstances, which involve the question of the applicability of a privilege, the interests of fairness warrant giving the proponent of the privilege, in this case Mr. Bednarski and his attorneys, an initial opportunity to object to the ruling of the undersigned before requiring the opponent of the privilege, in this case the City of Lincoln Park and intervening defendants, exercise their right to appeal.  Therefore, Mr. Bednarski and his attorneys will have until August 7, 2009, to exercise their right of appeal pursuant to Rule 72(a).  While it is hoped that they will exercise that right prior to that date, the rule gives them until then to do so.  The City of Lincoln Park and intervening defendants will then have 10 days to appeal the decision.  This 10 day period will begin on the earlier of the following dates:  (1) the date Mr. Bednarski and his attorneys file a notice that they will not be appealing the decision and provides copies of the documents ordered by the undersigned to be disclosed; (2) the date Mr. Bednarski and his attorneys file a notice of appeal from the decision of the undersigned; or (3) August 7, 2009.  If Mr. Bednarski and his attorneys do not file a notice of appeal, or otherwise indicate

they are not appealing the decision, by August 7, 2009, they will be deemed to have waived appeal and they are directed to then provide copies of the documents that the undersigned has ordered disclosed to the opposing parties.

If neither side of this controversy files a notice of appeal, the evidentiary hearing in this matter will continue on August 20, 2009, starting at 9:30 a.m.  If one side or both sides of the controversy file a notice of appeal, the hearing will only take place on August 20, 2009, by stipulation of all the parties.  Otherwise, if there is an appeal, the continuation of the evidentiary hearing will not take place until Judge O'Meara has ruled on the appeal.

In an effort to make the make the evidentiary hearing proceed as efficiently as possible, the parties are directed to provide copies of any proposed exhibits to opposing counsel five business days before the hearing.  Proposed exhibits that are not disclosed to opposing counsel in this manner will not be admitted unless good cause is shown for the failure to disclose.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).

3

Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: July 28, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 28, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Jonathan M. Colman, David R. Draper, Ben M. Gonek, Dean Koulouras, Paul T. O'Neill, Bradley J. Shafer, Cindy R. Victor, and David W. Warren, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): not applicable.

s/Tammy Hallwood
Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
tammy_hallwood@mied.uscourts.gov

4