UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COZZENS and I-75 OUTER
DRIVE ADULT BOOK STORE,

    Plaintiffs,

v.

CITY OF LINCOLN PARK,
a municipal corporation,

    Defendant,

and

PAPALAS DRIVE DEVELOPMENT, LLC,
and HDV – LINCOLN PARK LLC,

    Intervenors.
_____/

Case No. 08-11778

Hon. John Corbett O'Meara

**ORDER DENYING MOTION FOR ENTRY
OF ORDER AND SETTING DEADLINE FOR OBJECTIONS**

    Before the court is Defendant, Intervening Defendants, and Non-Party Lynn Geist's motion for entry of order, dated June 7, 2013. Non-parties Cindy Rhodes Victor and the Victor Firm, PLLC, filed a brief in opposition on June 21, 2013. A reply brief was filed on July 1, 2013. The court did not hear oral argument.

    Plaintiffs brought this suit in 2008, alleging that the City of Lincoln Park

improperly denied them permission to open an adult bookstore. This court dismissed Plaintiffs' complaint on March 13, 2009, ruling as follows: "it is clear to the court that Plaintiffs come before it with unclean hands – they have not been forthright with the City in seeking a certificate of occupancy for their business. Plaintiffs have offered no justification for providing an invalid lease to the City, for failing to disclose the involvement of Seagraves, for misrepresenting the amount of parking available, or for failing to disclose their true purpose – to open an adult nightclub. Plaintiffs' unclean hands foreclose the possibility of equitable relief from this court." Docket No. 115 at 6.

Shortly after the complaint was filed, non-party Marion Bednarski filed a motion to intervene as a defendant, which was later withdrawn. See Docket No. 8. Bednarski was represented by Cindy Victor and Lynn Geist of the Victor Firm, PLLC. On December 29, 2008, Defendant and Defendant Intervenors (collectively "Defendants") filed a motion for sanctions against Plaintiffs, Anthony Seagraves, Marion Bednarski, and their respective attorneys. Docket No. 72. This court referred the motion for sanctions to Magistrate Judge Hluchaniuk on January 5, 2009. Although the court dismissed the case on March 13, 2009, the court noted that the issue of sanctions remained to be resolved.

Magistrate Judge Hluchaniuk determined that an evidentiary hearing was

required in order to resolve the motion for sanctions. Extensive testimony was taken over ten separate days. Magistrate Judge Hluchaniuk issued a thorough, sixty-three-page report and recommendation on February 6, 2012. The magistrate judge recommended that the court grant the motion for sanctions against Bednarski and attorney Lynn Geist, but not against attorney Cindy Victor. The parties agreed to delay filing objections to the report and recommendation until the court ruled upon the Victor Firm's motion to withdraw as counsel for Bednarski, and until the court ruled upon Defendants and Lynn Geist's motion for entry of order. The court permitted the Victor Firm to withdraw, although it retained jurisdiction to consider sanctions. Now the court considers the pending motion for entry of order.

Defendants and Geist have reached a settlement of the sanctions motion against her, provided that Defendants' claims against Bednarski, Victor, and the Victor Firm are preserved and that Geist assists Defendants in prosecuting their sanctions claims. Defendants seek to interview Geist and submit her affidavit to the court in support of their objections to the report and recommendation. In return, Defendants will withdraw their motion for sanctions against Geist, only. Further, Defendants seek a ruling from the court that "based upon findings of the Report and Recommendation, correspondence and communication between, among, or involving Bednarski, Seagraves, Victor, Geist, and the Victor Firm,

relating to the representation of Bednarski and/or to any involvement or contacts that Geist, Victor, or The Victor Firm may have had with Seagraves with regard to this action are not governed by the attorney/client privilege or work product doctrine." Docket No. 238 at 3.

The court is not inclined to sign the order as proposed by Defendants. The magistrate judge has determined that Geist engaged in sanctionable conduct by filing "substantially meritless" objections to the depositions of Bednarski, Cozzens, and Seagraves: "Geist knew them to be substantially meritless when they were filed and they were primarily intended to prevent the disclosure of information that was detrimental to the interests of Bednarski." R & R at 61.[1] The magistrate judge further concluded that the "evidence in this case does not demonstrate that Victor was directly involved in the meeting where the plan to delay the depositions of Cozzens, Seagraves and Bednarski was made nor was she involved in the execution of that plan by filing the motion for a protective order and the objections to the subpoena dues tecum." Id. The magistrate judge found that sanctions were warranted against Geist, but not Victor.

Now Geist and Defendants seek to submit an affidavit that will presumably

---

[1] The court will determine whether and to what extent it will accept the report and recommendation after reviewing any objections submitted by the parties.

implicate Victor and support Defendants' request for sanctions against her. Although it is within the court's discretion to accept additional evidence at this stage, it is not inclined to do so under the circumstances presented. Extensive testimony has already been taken in this matter, significantly more than was considered on the merits, which were resolved on a motion for summary judgment in 2009. Should the court accept Geist's affidavit, fairness would require Victor to respond and perhaps cross-examine Geist. Additional evidentiary hearings would further delay this matter, which is overdue for resolution.

Further, although Geist's affidavit may serve to implicate Victor, it does not appear that such an affidavit would contradict the magistrate judge's factual findings regarding Geist's involvement in this matter. Geist and Defendants request that this court ignore Geist's allegedly sanctionable conduct before it has the opportunity to review the report and recommendation and objections. Geist and Defendants are free to settle this matter among themselves to an extent; however, an officer of the court also has the court to answer to, if appropriate. This issue of what sanctions, if any, are due the court may not be settled among the parties.

THEREFORE, IT IS HEREBY ORDERED that Defendants' June 7, 2013 motion for entry of order is DENIED.

IT IS FURTHER ORDERED that objections to Magistrate Judge Hluchaniuk's February 6, 2012 report and recommendation shall be filed by **November 8, 2013,** or any such objections will be deemed waived.

s/John Corbett O'Meara  
United States District Judge

Date:  October 10, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 10, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager
