UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COZZENS and I-75 OUTER
DRIVE ADULT BOOK STORE,

    Plaintiffs,

                                  Case No. 08-11778

v.

                                  Hon. John Corbett O'Meara

CITY OF LINCOLN PARK,
a municipal corporation,

    Defendant,

and

PAPALAS DRIVE DEVELOPMENT, LLC,
and HDV – LINCOLN PARK LLC,

    Intervenors.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Before the court is Magistrate Judge Michael Hluchaniuk's report and recommendation regarding Defendant and Intervenors' joint motion for sanctions against Marion Bednarski and his attorneys, Cindy Victor and Lynn Geist. The report recommends sanctions against Bednarski and Geist, but not Victor. Geist has filed objections as well as a motion to supplement the record. Defendant and Intervenors have also filed objections and seek additional discovery.

With respect to reports and recommendations from magistrate judges, this court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

The magistrate judge conducted ten days of evidentiary hearings in this matter and developed an extensive record. Indeed, the record on sanctions in this matter is significantly more extensive than the record on the merits, which were decided on summary judgment. It is unfortunate that the issue of sanctions appears to have taken on a life of its own. The court will not, as requested by the parties, allow additional discovery or supplementation of the record. Rather, the court will bring this matter, which begs for finality, to a close.

Having reviewed the record and the parties' objections, the court agrees with the magistrate's findings and conclusions, except for his determination that attorney Cindy Victor should not be sanctioned along with Lynn Geist. Both Victor and Geist were attorneys of record representing Marion Bednarski. The magistrate judge concluded that Geist should be sanctioned because she filed a motion for a protective order and objections to certain depositions "primarily intended to block" discovery of Bednarski's interest in the bookstore project. See R

& R at 58. He determined that Victor should not be sanctioned because she was not "directly involved in the meeting where the plan to delay the depositions of Cozzens, Seagraves and Bednarski was made nor was she involved in the execution of that plan by filing the motion for a protective order and the objections to the subpoena duces tecum." Id. at 61.

Under the circumstances, this court does not believe that the roles of these two attorneys can be so cleanly separated. The evidence shows that Victor and Geist worked together, with both attorneys filing and signing various papers with the court. They worked in the same small firm, The Victor Firm, PLLC. In the court's experience, it is not possible that Victor and Geist could work on this matter, representing the same client, in two separate impermeable bubbles without knowledge of what the other was doing. Indeed, Victor was actively involved, including in discovery, as evidenced by her filings with the court. See, e.g., Docket Nos. 4, 16, 17, 21, 83, 112. Thus, even if, in the unlikely event that Victor was unaware of Geist's obstruction of discovery, she *should have known.* See BDT Prods. Inc. v. Lexmark Int'l, Inc., 602 F.3d 742, 752 (6th Cir. 2010) (in order to impose sanctions under court's inherent powers, court must find "(1) that the claims advanced were meritless, (2) that counsel knew or should have known this, and (3) that the motive for filing the suit was for an improper purpose such as

harassment") (citations omitted); <u>Issa v. Provident Funding Group, Inc.</u>, 2010 WL 3245408 (E.D. Mich. Aug. 17, 2010 ) (discussing court's inherent power to sanction lawyer and law firm). The court finds Geist and Victor to be equally culpable and will impose sanctions pursuant to its inherent power accordingly.[1]

The magistrate judge bifurcated this matter and determined liability without addressing the amount of sanctions. Given the amount of litigation invested here, the court has no doubt that Defendant and Intervenors have incurred significant attorney's fees. The court believes that compensating Defendant and Intervenors fully for their attorney's fees would result in an unduly harsh punishment which would be substantially beyond the amount required to deter future sanctionable conduct. Therefore, rather than remand this matter to the magistrate for a factual finding regarding the amount of sanctions, the court will withdraw the reference and determine the matter itself. The court finds that sanctions in the amount of $20,000 for Cindy Victor and Lynn Geist, jointly and severally, and $10,000 for Marion Bednarski, payable to Defendant and Intervenors equally as partial compensation for attorney's fees incurred, reflects the seriousness of this matter

---

[1] Defendant and Intervenors also state that the magistrate erred in not sanctioning The Victor Firm. This issue was not fleshed out as a factual or legal matter before the magistrate and the court finds that the magistrate did not err in not addressing it.

and is an appropriate deterrent.

## ORDER

IT IS HEREBY ORDERED that Magistrate Judge Hluchaniuk's report and recommendation is ADOPTED IN PART and REJECTED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Defendant's and Intervenors' joint objections are OVERRULED IN PART and SUSTAINED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Lynn Geist's motion for expansion/supplementation of the record is DENIED.

IT IS FURTHER ORDERED that Lynn Geist's objections are OVERRULED.

IT IS FURTHER ORDERED that Lynn Geist and Cindy Victor, jointly and severally, shall pay $20,000 in sanctions to Defendant and Intervenors.

IT IS FURTHER ORDERED that Marion Bednarski shall pay $10,000 in sanctions to Defendant and Intervenors.

s/John Corbett O'Meara
United States District Judge

Date:  June 10, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 10, 2014, using the ECF system and/or ordinary mail.

                                                      s/William Barkholz
                                                      Case Manager